IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHIRLEY MANDICHAK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 08-267J |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) Judge Gibson |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

### I. SYNOPSIS

This is an appeal from the final decision of the Commissioner of Social Security denying Plaintiff's claim for supplemental security income under Title XVI of the Social Security Act. Jurisdiction is proper pursuant to 42 U.S.C § 405(g). Plaintiff, Shirley Mandichak, alleges that the Administrative Law Judge's ("ALJ") decision that she is not disabled, and therefore not entitled to supplemental security income, should be reversed because the ALJ failed to properly consider all the medical evidence. Upon analysis and consideration of each submission, and as set forth herein, the decision of the Administrative Law Judge is affirmed.

### II. PROCEDURAL HISTORY

Plaintiff protectively applied for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act") on November 9, 2006, alleging disability as of October 30, 2006. R. pp. 10, 76-78. The application was denied on February 27, 2007, and Plaintiff made a timely request for a hearing before an ALJ. R. pp. 51-55, 58. On March 20, 2008, a hearing was held in Johnstown, Pennsylvania, before Administrative Law Judge Patricia C. Henry (the "ALJ"). R. p. 21. Plaintiff,

1

who was represented by counsel, as well as Judy Schollaert, an impartial vocational expert, appeared and testified at the hearing. R. pp. 21-48. In a decision dated June 18, 2008, the ALJ determined that Plaintiff was not "disabled" within the meaning of the Act. R. pp. 10-20. The Appeals Council denied Plaintiff's request for review on October 28, 2008, thereby making the ALJ's decision the final decision of the Commissioner in this case. R. pp. 1-3. Plaintiff commenced this action on November 24, 2008, seeking judicial review of the Commissioner's decision. Document No. 1. Plaintiff and the Commissioner filed motions for summary judgment on February 25, 2009, and April 2, 2009, respectively. Document Nos. 10 & 12. These motions are the subject of this memorandum opinion.

### III. STANDARD OF REVIEW

This Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence. 42 U.S.C. § 405(g); *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir.1994). The Court may not undertake a de novo review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190 (3d Cir.1986). Congress has clearly expressed its intention that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). As long as the Commissioner's decision is supported by substantial evidence, it cannot be set aside even if this Court "would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360

(3d Cir.1999). "Overall, the substantial evidence standard is a deferential standard of review." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir.2004).

In order to establish a disability under the Act, a claimant must demonstrate a "medically determinable basis for an impairment that prevents him [or her] from engaging in any 'substantial gainful activity' for a statutory twelve-month period." *Stunkard v. Secretary of Health and Human Services*, 841 F.2d 57, 59 (3d Cir.1988); 42 U.S.C. §§ 423(d)(1), 1382c(a)(3)(A). A claimant is considered to be unable to engage in substantial gainful activity "only if his [or her] physical or mental impairment or impairments are of such severity that he [or she] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To support his or her ultimate findings, an administrative law judge must do more than simply state factual conclusions. He or she must make specific findings of fact, *Stewart v. Secretary of HEW*, 714 F.2d 287, 290 (3d Cir.1983). The administrative law judge must consider all medical evidence contained in the record and provide adequate explanations for disregarding or rejecting evidence. *Weir on Behalf of Weir v. Heckler*, 734 F.2d 955, 961 (3d Cir.1984); *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir.1981).

The Social Security Administration ("SSA"), acting pursuant to its legislatively delegated rulemaking authority, has promulgated a five-step sequential evaluation process for the purpose of determining whether a claimant is "disabled" within the meaning of the Act. The United States Supreme Court recently summarized this process as follows:

> If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further. At the first step, the agency will find non-disability unless the claimant shows that he is not working at a "substantial gainful activity." [20 C.F.R.] §§ 404.1520(b), 416.920(b). At step two, the SSA will find non-disability unless the claimant shows that he has a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." §§ 404.1520(c), 416.920(c). At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies. §§ 404.1520(d), 416.920(d). If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the SSA assesses whether the claimant can do his previous work; unless he shows that he cannot, he is determined not to be disabled. If the claimant survives the fourth stage, the fifth, and final, step requires the SSA to consider so-called "vocational factors" (the claimant's age, education, and past work experience), and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. §§ 404.1520(f), 404.1560(c), 416.920(f), 416.960(c).

*Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003) (footnotes omitted).

In an action in which review of an administrative determination is sought, the agency's decision cannot be affirmed on a ground other than that actually relied upon by the agency in making its decision. In *Securities & Exchange Commission v. Chenery Corp.*, 332 U.S. 194 (1947), the Supreme Court explained:

> When the case was first here, we emphasized a simple but fundamental rule of administrative law. That rule is to the effect that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis. To do so would propel the court into the domain which Congress has set aside exclusively for the administrative agency.

*Chenery Corp.*, 332 U.S. at 196. The United States Court of Appeals for the Third Circuit has recognized the applicability of this rule in the Social Security disability context. *Fargnoli v.*

4

*Massanari*, 247 F.3d 34, 44, n. 7 (3d Cir.2001). Thus, the Court's review is limited to the four corners of the ALJ's decision.

## IV. DISCUSSION

The ALJ determined in her decision that Plaintiff had not engaged in substantial gainful activity subsequent to her alleged onset date of November 9, 2006. R. p. 12. Plaintiff was found to be suffering from degenerative disc disease of the cervical spine, mood disorder and pain disorder, all of which were deemed to be "severe" impairments. R. p. 12. The ALJ concluded that these impairments did not meet or medically equal an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, Appx. 1. R. pp. 12-13. The ALJ found Plaintiff's residual functional capacity ("RFC") to be that of light work with the additional limitations of avoiding "overhead reaching, feeling, pushing, and pulling with the upper left extremity and [being] limited to simple, routine, and repetitive tasks not performed in a fast-paced production environment involving only simple work-related decisions, and in general, relatively few work place changes." R. p. 13. Plaintiff was born on March 15, 1955, making her fifty-one years old on the date the application was filed. R. p. 18. She was classified as a " person closely approaching advanced age" under the Commissioner's regulations. 20 C.F.R. § 404.1563(d). She had at least a high school education and was able to communicate in English. R. p. 19. Based on the applicable residual functional capacity and vocational assessments, the ALJ determined that Plaintiff could not return to her past relevant work as a tagger, housekeeper and retail sales clerk. R. p. 18. However, based upon Plaintiff's RFC and the vocational expert's ("VE") testimony, the ALJ concluded that Plaintiff could work such jobs as a cashier, inventory marker and flagger. R. p. 19. The VE's testimony established that these jobs existed in significant numbers in the national economy. *Id.*

5

In support of the motion for summary judgement, Plaintiff argues that the ALJ erred in rejecting the opinion of Dr. Welch and failed to adequately explain said rejection. Plaintiff also challenges the ALJ's finding that Plaintiff's "continued complaints of pain without supporting objective findings is indicative of somatoform disorder (Exhibits 2F, 3F, and 5F)." R. p. 14. Plaintiff claims that there is no record evidence supporting the conclusion of the existence of a somatoform disorder. Each argument will be addressed in turn.

As to Plaintiff's first argument that the ALJ erred in not giving an adequate explanation of the rejection opinion of Dr. Welch, the Court finds that a review of the record as a whole indicates that the ALJ properly considered said opinion and substantial evidence exists supporting the ALJ's findings as to Plaintiff's RFC. In making his or her determination, the ALJ must consider and weigh all of the evidence, both medical and non-medical, that support a claimant's subjective testimony about symptoms and the ability to work and perform activities, and must specifically explain his or her reasons for rejecting such supporting evidence. *Burnett v. Commissioner of Social Security*, 220 F.3d 112, 119-20 (3d Cir.2000). Moreover, an ALJ may not substitute his or her evaluation of medical records and documents for that of a treating physician; "an ALJ is not free to set his own expertise against that of a physician who presents competent evidence" by independently "reviewing and interpreting the laboratory reports ...." *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir.1985). The United States Court of Appeals for the Third Circuit has stated:

> [I]n all cases in which pain or other symptoms are alleged, the determination or decision rationale must contain a thorough discussion and analysis of the objective medical and the other evidence, including the individual's complaints of pain or other symptoms and the adjudicator's personal observations. The rationale must include a resolution of any inconsistencies in the evidence as a

6

> whole and set forth a logical explanation of the individual's ability to work.

*Schaudeck v. Commission of Social Security*, 181 F.3d 429, 433 (3d Cir. 1999)(quoting SSR 95-5p, 1995 WL 670415, *2).

The report that Plaintiff points to is from Dr. William Welch, dated December 14, 2006. R. pp. 146-147. In the report, Dr. Welch states that Plaintiff had complaints of pain in her neck and arm and that she had recently tried physical therapy, but it made her pain worse. *Id.* His report began by recounting her history and stating "[t]here is no significant medical problem." *Id.* Her exam indicated that her cervical range of motion was within normal limits, there was evidence of decreased sensation at her left shoulder on pinprick exam, there was left-sided neck tenderness, and her motor exam was 4+/5 for bilateral biceps, 5/5 for lower extremities, and deep tendon reflexes were 2+. *Id.* Dr. Welch reviewed Plaintiff's MRI from December 1, 2006, and stated that were was evidence of C3-4, C5-6, and C6-7 disc ruptures and C6-7 radiculopathy. *Id.* Dr. Welch also discussed with Plaintiff the possibility of cervical discectomy with instrumented fusion at C5-6-7. *Id.*

Plaintiff argues that the ALJ erred in only discussing Plaintiff's degenerative disc disease and not discussing Dr. Welch's findings of disc ruptures, radiculopathy and that she had been recommended for discectomy. Plaintiff's argument is unavailing, however, as the record indicates that the ALJ did fully consider Dr. Welch's report. The ALJ noted Dr. Welch's findings as discussed above, but also noted that Plaintiff never opted for surgery subsequent to Dr. Welch's examination and that Plaintiff has only had conservative treatment. R. pp. 13, 16. Additionally, the ALJ noted that Plaintiff has not seen any other specialist since Dr. Welch. R. p. 17. Furthermore, there is nothing in Dr. Welch's report that indicates any greater limitations than what the ALJ found as

7

Plaintiff's RFC. Finally, as pointed by the Commissioner, the ALJ fully considered Dr. Welch's report as a part of whether she met Listing 1.04(A)[1]. R. p. 12. In reviewing the record as a whole, there is no indication that the ALJ failed to fully consider or explain her findings with respect to Dr. Welch's report or all of Plaintiff's functional limitations.

Plaintiff's second argument is that the ALJ improperly concluded that Plaintiff had somatoform disorder that accounted for her continued complaints of pain. R. p. 14. Plaintiff argues that this conclusion does not have any support in the record. The report of the state agency psychologist, Dr. Edward Jonas, found that Plaintiff had a mood disorder and a somatoform pain disorder. R. pp. 153, 156. Dr. Jonas stated that Plaintiff was not in a mental health treatment program and was no longer taking antidepressants. R. p. 162. He did question why she was taking Valium, but stated that it appeared to be related to her physical concerns. *Id.*

The Commissioner's regulations state that state agency consultants "are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation." 20 C.F.R. §404.1527(f)(2)(i). Furthermore, "administrative law judges must consider findings of State agency medical and psychological consultants or other program physicians or psychologists as opinion

---

[1]

1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. Pt. 404 Subpt. P, Appx. 1.

evidence, except for the ultimate determination about whether you are disabled." *Id.* (Citation omitted). As a result, "Administrative law judges and the Appeals Council may not ignore these opinions and must explain the weight given to these opinions in their decisions." SSR 96-6P, 1996 WL 374180, *1.

In the ALJ's decision she credited Dr. Jonas' opinion, included the somatoform pain disorder as a "severe" impairment, considered whether Plaintiff met the Listing requirements for 12.04 Affective Disorders and 12.07 Somatoform Disorder, and included non-exertional functional limitations arising from said impairments in Plaintiff's RFC. R. pp. 12-18. Plaintiff has pointed to no evidence conflicting with Dr. Jonas' opinion that the ALJ should have addressed. In reviewing the record as a whole, the Court finds that there was no error in the ALJ accepting the state agency opinion when there was no evidence in conflict with that opinion.

As an additional point, Plaintiff seems to also be arguing that the ALJ did not properly consider her allegations of pain when she accepted the opinion that Plaintiff had a somatoform disorder. In regards to Plaintiff's pain symptoms, the ALJ found the alleged intensity, duration and limiting effects to not be entirely credible and to be inconsistent with the record as a whole. R. p. 15. The ALJ noted that her treatment was routine and conservative in nature. R. pp. 16-17. The ALJ recounted Plaintiff's admitted activities of daily living and found them to be inconsistent with total debilitating symptomatology. R. pp. 16-17. Additionally, the ALJ noted that Plaintiff's progress reports did not contain any indication of debilitating side effects arising from Plaintiff's pain medication. R. p. 17.

In reviewing the record as a whole, there is no indication that the ALJ failed to properly consider the evidence concerning Plaintiff's pain symptoms. Furthermore, it cannot be said that the

ALJ's finding and consideration of a somatoform disease was without a basis in the record.. As a result, substantial evidence supports the ALJ's findings as to Plaintiff's somatoform pain disorder and the ALJ's RFC findings.

## IV. CONCLUSION

In viewing the administrative record as a whole, substantial evidence supports the Commissioner's final decision that Plaintiff was not "disabled" as defined under the Act. As a result, the Commissioner's findings must be considered conclusive and the decision of the Commissioner affirmed. 42 U.S.C. §405(g). The Court will deny the Motion for Summary Judgment filed by Plaintiff, Document No. 10, grant the Motion for Summary Judgment filed by the Commissioner, Document No. 12, and affirm the administrative decision made by the Commissioner in this case. An appropriate Order follows.

AND NOW, this 29th day of March 2010, after careful consideration, and for the reasons set forth in the accompanying Opinion, it is **HEREBY ORDERED** that Shirley Mandichak's Motion for Summary Judgment, Document No. 10, is **DENIED** and The Commissioner of Social Security's Motion for Summary Judgment, Document No. 12, is **GRANTED**. The decision of the Commissioner of Social Security is **AFFIRMED**.

BY THE COURT:

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**